UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JOHN SAMON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 16-10889

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [17]**

Plaintiff Jeffrey[1] Samon seeks review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits. The Court referred the matter to Magistrate Judge Elizabeth Stafford, and on January 17, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) that the Court affirm Defendant's decision. On January 31, 2017, Plaintiff filed one objection to the R&R (Dkt. 18), which the Court considers here. For the reasons stated below, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the R&R. As a result, Defendant's motion for summary judgment is GRANTED [16], Plaintiff's motion for summary judgment is DENIED [12], Defendant's decision is AFFIRMED, and the case is DISMISSED.

**I.    Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b).

---

[1] The parties' submissions refer to Plaintiff as "Jeffery" and "Jeffrey" with similar frequency. The Court uses Jeffrey because it appears in the caption of the Complaint.

However, only specific objections that pinpoint a source of error are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

## II. Analysis

Plaintiff's objection to the R&R pinpoints only one source of alleged error: the statement that "a diagnosis says nothing about its disabling effects." (Dkt. 18, at 2.) But that quote accurately reflects the law, so an objection to that statement alone lacks merit. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("[N]ot every diagnosable impairment is necessarily disabling."). And the rest of Plaintiff's submission fares no better, for it amounts only to a general objection to the R&R.

Indeed, the remainder of Plaintiff's objection merely announces various disagreements with the Magistrate Judge's ultimate determinations. Sometimes it challenges the conclusion that substantial evidence supports a finding that Plaintiff is capable of working. (*See* Dkt. 18, at 4.) Other times it contests the determination that the Administrative Law Judge permissively granted little weight to Plaintiff's treating physician. (*See id.* at 3, 8.) But never does it identify a specific erroneous finding of fact or application of law. As a result, the Court finds that Plaintiff has failed to raise a meritorious argument and overrules

his objection. *Howard*, 932 F.2d at 509; *see also Ervin v. Comm'r of Soc. Sec.*, 2012 WL 4427987, at *1 (E.D. Mich. Sept. 25, 2012) (overruling a plaintiff's objections where they "essentially dispute[d] the ALJ's weighing of the evidence[] and object[ed] to the Magistrate Judge's failure to adopt Plaintiff's views in that regard.").

### III. Conclusion

Given that the only objection to the R&R has been overruled, the Court ACCEPTS AND ADOPTS the Magistrate Judge's R&R. Accordingly, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, Defendant's decision is AFFIRMED, and this case is DISMISSED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 15, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager